IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| SEAN JENKINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 21-2364-BAH |
| ASRESAHEGN GETACHEW, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Sean Jenkins ("Plaintiff") filed this lawsuit against Asresahegn Getachew ("Defendant"). *See* ECF 1 (complaint). Pending before the Court is Plaintiff's motion for leave to file an amended complaint. ECF 71 (the "Motion"). Defendant filed an opposition, ECF 76, and Plaintiff filed a reply, ECF 78. The filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

I.   **Relevant Facts and Procedural History**

On September 16, 2021, Jenkins, who is incarcerated at North Branch Correctional Institution ("NBCI"), filed a pro se complaint alleging that Defendant failed to adequately treat an ankle fracture. ECF 1, at 3–4. On October 25, 2021, Jenkins filed a supplement to the complaint, which alleged, *inter alia*, that he was also denied adequate follow-up care after the ankle surgery

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

eventually took place. ECF 4, at 2. Specifically, Plaintiff alleges that an orthopedic doctor recommended that the syndesmotic screws in his ankle be removed in two to three months, which according to Plaintiff at the time of filing the supplement, "never happened." *Id.*

Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983[2] and 42 U.S.C. § 12101 (the Americans with Disabilities Act). ECF 1, at 2. On March 3, 2022, Defendant Richard Roderick filed a motion to dismiss, or in the alternative, for summary judgment. ECF 19. On March 8, 2022, Defendants Getachew and William Beeman also filed a motion to dismiss, or in the alternative, for summary judgment. ECF 21. On March 22, 2023, Judge Xinis denied Getachew's motion to dismiss, but granted Roderick and Beeman's motions to dismiss because no facts supported their involvement in Jenkins's course of care. ECF 32, at 13–14. The court held that the ADA claim "fail[ed] as a matter of law," but allowed the Eighth Amendment claim to proceed against Defendant Getachew. *Id.* at 15–16. On April 13, 2023, pro bono counsel was appointed to represent Jenkins. ECF 34. The case was then reassigned to the undersigned on October 18, 2023.

Pursuant to the discovery schedule, the parties exchanged initial disclosures on June 23, 2023. ECF 71-1, at 2. Defendant produced medical records and other documents between August 15 and November 22, 2023. *Id.* at 3. In November and December 2023, Plaintiff deposed four medical providers who were allegedly involved in his treatment. *Id.* In February 2024, Plaintiff

---

[2] Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

2

conducted several additional depositions. *Id.* at 4. On March 18, 2024, Plaintiff filed the instant motion for leave to amend the complaint. ECF 71.

Plaintiff seeks to add "relevant information learned in discovery regarding [] Jenkins's pending Eighth Amendment claims," join Vivien Dorsey, Mandip Bartels, and Holly Hoover as Defendants, and add a claim against all four providers for negligence under Maryland common law. ECF 71-1, at 5. Through discovery, Plaintiff learned additional information about Defendant Getachew's alleged failure to timely arrange surgery and oversee proper-follow up care, as well as additional details about Getachew's official role and responsibilities at NBCI, all of which Plaintiff now seeks to add to the complaint. *Id.* at 6.

Additionally, Plaintiff seeks to add Dorsey and Bartels, who are Utilization Management Medical Directors for Corizon, as Defendants because Dorsey and Bartels allegedly jointly denied the referral request that would have provided Jenkins with a screw removal consultation visit with his treating orthopedic surgeon. *Id.* at 6–7. According to Plaintiff, Dorsey "provided no clinical rationale beyond the conclusory assertion that 'medical necessity [was] not demonstrated'" and Bartels "did not document any reasoning at all for the denial." *Id.* (brackets in original).

Plaintiff also seeks to add Hoover, a nurse practitioner at NBCI, as a Defendant. ECF 71-1, at 7. Hoover allegedly failed to appeal the referral denial and failed to address the alternative treatment plan recommend by Utilization Management for more than three months. *Id.* According to Plaintiff, Hoover "personally reviewed the treating surgeon's note indicating that the screws needed to be removed or they could break." *Id.*

Plaintiff argues that an amended complaint is appropriate because Plaintiff "had limited access to his own medical records when he filed his original complaint pro se," ECF 71-1, at 8, discovery has revealed other providers who were allegedly involved in denying necessary care,

*id.*, a trial date has not been set, *id.* at 11, and the amended complaint "pleads additional facts in a case that already has cleared the pleading threshold once with respect to the same core factual allegations[.]" *Id.* at 13. Moreover, Plaintiff avers that since the filing of the initial complaint, he has diligently prosecuted this case and sought leave to amend in good faith. *Id.* at 12–13. Plaintiff also asserts that joinder of three additional defendants is proper under Federal Rule of Civil Procedure 20. *Id.* at 14–15.

Defendant opposes the filing of an amended complaint and argues that Plaintiff's proposed amendments will prejudice all four proposed Defendants. ECF 76, at 4. Specifically, Defendant argues that the proposed amendments "necessitate . . . additional discovery and analysis for claims that cannot be traced back to the original complaint." *Id.* Defendant avers that counsel should have promptly moved to amend the complaint upon appointment as counsel, but instead "began a crusade of discovery requests, interrogatories, and depositions, seeking to amend the Complaint only as the case neared the close of discovery." *Id.* at 5. According to Defendant, Getachew "had neither reason nor opportunity to take discovery on a medical malpractice action[,]" or develop any relevant affirmative defenses related to that action. *Id.* The additional Defendants whom Plaintiff seeks to add allegedly had "no opportunity whatsoever to participate in any discovery at all." *Id.* Defendant also contends that the amended complaint seeks to add allegations that "arose from declarations submitted pursuant [to] U.S.C. § 1746 [] and were never within the four corners of the Complaint." *Id.* at 4–5 (citing ECF 4). According to Defendant, this "procedural discrepancy should have been identified by counsel for the Plaintiff shortly after being appointed[.]" *Id.* at 5.

**II.     Analysis**

A. Leave to Amend

4

Federal Rule of Civil Procedure Rule 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave [to amend] when justice so requires." *Id.* Moreover, the Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, courts only deny leave to amend if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Id.* Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Id.*; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

According to Defendant, the screw-removal claim was not part of the "four corners" of the original complaint. ECF 76, at 5. Defendant argues it is prejudicial to grant leave to amend where the proposed amendments "cannot be traced back to the original complaint." *Id.* at 4. However, as relevant to the instant motion, "[p]rejudice occurs when the amendment necessitates additional discovery and analysis to address events that previously were not part of the case, as opposed to when the amendment involves events that the 'defendant was from the outset made fully aware of,' such that 'an allowance of the amendment could not in any way prejudice the preparation of defendant's case.'" *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647 (D. Md. 2015) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Here, the docket makes clear that Defendant was made fully aware of the underlying facts regarding the screw-

5

removal claim.[3] Plaintiff filed the original pro se complaint on September 16, 2021, and the declaration supplementing his complaint on October 25, 2021. ECF 1; ECF 4. Because Plaintiff filed the original complaint pro se and the supplemental declaration was filed well before Defendant took any action in response to the complaint, this Court is satisfied that, under the circumstances, the amendment involves events Defendant was aware of from the outset of the case. *Tucker*, 83 F. Supp. 3d at 647. Indeed, Defendant acknowledged in his motion to dismiss that Plaintiff supplemented his complaint with a declaration (the declaration set forth the facts regarding the delayed removal of the screws), *see* ECF 21-1, at 1, the Court focused on "the serious delay in removing the ankle screws," in denying the motion to dismiss, *see* ECF 32, at 14, and Defendant "answered[] several discovery requests specifically targeted at the screw-removal issues in this case." ECF 78, at 3. As such, the amended complaint "do[es] not involve any events that Defendant[] [was] not cognizant of previously," and amendment would not prejudice the Defendants. *Tucker*, 83 F. Supp. 3d at 650.

Defendant also argues that the record at the time Plaintiff's counsel was appointed contained "all of the information which counsel would have needed to consult with a certifying expert, determine whether the factual basis for a medical malpractice action existed, obtain a Certificate of Qualified Expert, and move to amend the Complaint." ECF 76, at 5. The Court is not persuaded by Defendant's argument that Plaintiff should have sought leave sooner. It is well-established that "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The delay "must be accompanied by prejudice, bad faith, or futility." *Id.* The Court is satisfied that upon being appointed, Plaintiff's counsel

---

[3] Because it is obvious that Defendant was aware of the facts underlying the screw-removal claim, the Court need not decide whether there was a "procedural discrepancy," or whether Defendant waived it by failing to lodge an objection at an earlier stage of the litigation.

6

diligently prosecuted his claim and sought leave to amend in good faith. Some of the information Plaintiff now seeks to add to the complaint was only discovered in February of 2024. ECF 71-1, at 4–5. The instant motion for leave to amend was filed on March 18, 2024. ECF 71. Moreover, according to Plaintiff, "key records had not been disclosed," at the time of appointment and Plaintiff's counsel "had to obtain those records . . . so that he could consult with a medical expert on the merits of his Maryland negligence claim and request a certificate and expert report, as required by Maryland law to support this claim." ECF 78, at 5. Given the circumstances, it reasonably took Plaintiff some time to process voluminous amounts of discovery and consult with an expert. As such, Plaintiff did not unnecessarily delay filing the motion for leave to amend such that Defendant is now unduly prejudiced by the proposed amendments.[4]

Defendant also contends that he "had neither reason nor opportunity to take discovery" on the proposed negligence action and that Plaintiff seeks to add three defendants and an "entirely new cause of action," when "the discovery period is nearly over." ECF 76, at 5–6. "[A]lthough prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.'" *Scott v. Family DollarStores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). Here, the parties are still in the middle of the discovery process and no trial date has been set. ECF 92, at 1; ECF 78, at 6. In fact, expert discovery has not yet

---

[4] Plaintiff also states that "Defendant indicated for the first time during a meet and confer on March 8 (ten days before Mr. Jenkins filed the instant motion) that Defendant construes the Court's prior ruling to permit a claim against him only as an individual provider, not as the Regional Medical Director. That dispute as to the scope of the pending claims against Defendant independently justifies leave to amend at this stage." ECF 78, at 4. The Court agrees that clarifying the scope of the claims provides additional support for granting leave to amend.

7

commenced, and on October 23, 2024, the Court extended the deadline for the close of fact discovery to November 27, 2024. ECF 92, at 1. The close of expert discovery is not until March 5, 2025, and the deadline to file dispositive motions was extended until March 19, 2025. *Id.* Thus, the Court agrees with Plaintiff that Defendants will have an opportunity to explore facts relevant to Plaintiff's negligence claim. ECF 78, at 6. Moreover, the proposed Defendants, who are represented by the same counsel as Defendant Getachew, all have access to the same records and discovery to date and can seek any additional relevant discovery. *Id.* Accordingly, Defendants would not be unduly prejudiced by amendment and the Court finds that permitting Plaintiff to file an amended complaint is the appropriate outcome here.

B. Joinder

Federal Rule of Civil Procedure 20(a)(2) describes the requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Supreme Court has articulated that "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Additionally, the Fourth Circuit has held that "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, 218 n. 5 (4th Cir. 2007).

Plaintiff claims—and Defendant does not dispute—that joinder of Dorsey, Bartels, and Hoover is appropriate because each provider "was directly involved in the evaluation, referral, and decision denying follow-up care to remove the screws[,] [a]nd each took actions with respect to

8

the request for that follow-up care that was negligent and deliberately indifferent to Mr. Jenkins's need to have the screw removal occur in a timely fashion to avoid the risk identified by the treating surgeon." ECF 71-1, at 15. Additionally, Plaintiff contends that several common questions of law and fact will arise in the action, including "whether Dorsey, Bartels, Hoover, and Defendant Getachew acted with deliberate indifference to Mr. Jenkins's known, serious medical needs; whether they knew at the time of their acts and omissions that Mr. Jenkins suffered from a serious medical condition yet failed to provide reasonable medical care until roughly 14 months after the time by which the treating surgeon had ordered the screws to be removed; and whether these acts and omissions constituted negligence." *Id.* Because the claims against the four providers arise out of the same series of transactions or occurrences and there are common questions of law and fact to all four Defendants, permissive joinder is proper.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion seeking leave to file an amended complaint, ECF 71, is GRANTED, permitting Plaintiff's proposed amended complaint to be docketed. Defendants are permitted to file any responsive pleadings or motions within the requisite time period. A separate implementing order will issue.

Dated: November 7, 2024

/s/
Brendan A. Hurson
United States District Judge